IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | CIVIL NO. 1:CV-09-01734 |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **B.A. BLEDSOE,** | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Petitioner, an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Named as the sole respondent is USP-Lewisburg Warden B.A. Bledsoe. For the reasons set forth below, the petition will be dismissed without prejudice to any right Petitioner may have to reassert his present claims in a properly filed civil rights complaint.

**I.   Background**

In his petition, Petitioner states that officials at USP-Lewisburg have inappropriately placed him in the institution's Special Management Unit ("SMU") due to his incident report history. (Doc. 1 at 4.) Specifically, he contends that because he was sanctioned and cleared of each incident report used by USP-

Lewisburg officials for consideration of his placement in the SMU, he should not have been placed in the unit. (*Id*. at 5.) As relief, he requests that he be returned to general population in USP-Lewisburg.

I.  **Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id*.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner does not challenge the legality of his prison confinement, nor does he challenge the duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, at most, Petitioner complains that his placement and continued confinement in the SMU at USP-Lewisburg violates his constitutional rights. This placement, however, does not affect the length of his sentence. Significantly, Petitioner does not seek relief that would shorten the length of his current sentence and incarceration in prison. Nor does he seek release from prison by attacking the legality of his judgment or conviction.

The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the duration or length of his custody in prison. *Preiser*, 411 U.S. at

499. In the present case, after careful review of the petition, the court has determined that Petitioner's action is a civil rights suit, and not a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Therefore, the petition will be dismissed without prejudice to any right Petitioner may have to reassert his claims in a properly filed civil rights complaint.[1]

    An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated: September 11, 2009.

---

[1] In this regard, the court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted herein.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KAREEM HASSAN MILHOUSE,** : CIVIL NO. 1:CV-09-01734
:
**Petitioner** : (Judge Rambo)
:
**v.** :
:
**B.A. BLEDSOE,** :
:
**Respondent** :

# O R D E R

**AND NOW**, this 11th day of September, 2009, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) The motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED** for the sole purpose of filing this action.

2) The petition for writ of habeas corpus is **DISMISSED** without prejudice.

3) The petitioner, if he so chooses, may reassert his present claims in a properly filed civil rights action.

4) The Clerk of Court is directed to forward to Petitioner two (2) copies of this court's form civil rights complaint as well as *in forma pauperis* and authorization forms.

5) The Clerk of Court is directed to **CLOSE** this case.

                                                        <u>s/Sylvia H. Rambo</u>
                                                       United States District Judge